

FILED
OCT 2 0 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 2:16cr_145_ |
| v. | ) | |
| | ) | |
| DELCIE JOHNSON, | ) | 18 U.S.C. § 1343 |
| | ) | Wire Fraud |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

Beginning in or about April 2014, and continuing until in or about October 2014, in Suffolk, Virginia, in the Eastern District of Virginia and elsewhere, the defendant, DELCIE JOHNSON, did devise and attempt to devise a scheme and artifice to defraud the Virginia Employment Commission, and for obtaining money from the Virginia Employment Commission, by means of materially false and fraudulent pretenses, representations, and promises, which said scheme and artifice, and the execution thereof, were in substance as follows:

1. The object of the scheme and artifice devised by the defendant and others was to obtain monies for herself by falsely claiming to have been employed and then filing unemployment insurance claims with the Virginia Employment Commission ("VEC").

2. It was part of the scheme and artifice that the defendant would provide her name, social security number, and address to an unindicted co-conspirator for the purpose having the co-conspirator falsely list her as an employee of a company established by the co-conspirator.

3. It was part of the scheme and artifice for the co-conspirator to represent to the Virginia Employment Commission that JOHNSON was an employee who had been terminated.

4. The co-conspirator then used JOHNSON's name, social security number, and address to register for unemployment insurance compensation as if she were JOHNSON.

5. After filing the claim, JOHNSON received a letter via the United States Postal Service informing her that her claim had been accepted. This letter also contained a personal identification number (PIN), which was to be used for filing weekly claims.

6. JOHNSON also received a VEC EPPICard, which is a MasterCard debit card associated with a specific account. The EPPICard could be used to make purchases and withdraw money from automated teller machines.

7. A co-conspirator would file for weekly claims on Defendant JOHNSON's behalf using the PIN provided by JOHNSON.

8. The VEC would then approve the claim and authorize a release of funds to JOHNSON's EPPICard account. In authorizing the funds, VEC in Richmond would send an electronic communication authorizing Xerox card services in North Carolina to execute a wire transfer of funds to JOHNSON's EPPICard account, which is based in Texas.

9. Those funds were accessed by JOHNSON and used for her benefit in the Eastern District of Virginia and elsewhere.

10. As a result of the aforesaid scheme and artifice, the defendant received funds from the VEC to which she was not entitled in the approximate amount of $9,828.

11. On or about July 10, 2014, in the Eastern District of Virginia and elsewhere, for the purpose of executing the aforesaid scheme and artifice, DELCIE JOHNSON did cause to be

transmitted by means of wire communication in interstate commerce, certain signs, signals, pictures, and sounds, that is, an electronic communication from the VEC in Richmond, Virginia, to Xerox card services in North Carolina authorizing a wire transfer of money in amount of approximately $340.20 to JOHNSON's EPPICard account.

(In violation of Title 18, United States Code, Section 1343.)

## FORFEITURE ALLEGATION

1. The defendant, if convicted of the violation alleged in this Criminal Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461).

DANA J. BOENTE
UNITED STATES ATTORNEY

By: /s/ Randy Stoker
Randy Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331 Office
757-441-3205 Fax
randy.stoker@usdoj.gov